```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

REGINA D. RICHARDSON,

                Plaintiff,

vs.                                    Case No.  2:12-cv-363-FtM-29SPC

ABM JANITORIAL SERVICES,

                Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on Defendant's Motion to Dismiss (Doc. #14) filed on September 11, 2012. Plaintiff filed a Response (Doc. #17) on October 9, 2012. For the reasons set forth below, the motion is granted.

**I.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This is "more than an

unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011)(citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012)(internal quotation marks and citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

## II.

On July 6, 2012, plaintiff Regina D. Richardson (Richardson) filed a three-count Complaint (Doc. #1) against defendant ABM Janitorial Services (ABM). Plaintiff's claims are labeled: (1) employment discrimination - Civil Rights Act of 1964/1991; (2) employment practice - discrimination in hiring under Civil Rights

Act; and (3) State EEOC violations of the FCHR Act. (Id.) Plaintiff also "seeks damages under Florida common law for intentional misrepresentation and intentional infliction of emotional distress." (Id., ¶ 7.)

In the Complaint, plaintiff alleges that she worked as a janitorial service worker with ABM; she was the only African American employee of the company; and there was a pattern and practice of racial discrimination against African American employees by Hispanic and White managers and supervisors, which consisted of unwarranted criticism and disparagement, harsh and unreasonable performance standards, threats and harassment, humiliation, embarrassment, invasion of privacy, harsher discipline, pressure and coercion to abandon employment, and deliberate failure to train. (Doc. #1.) Plaintiff also alleges that she requested a transfer from one location to another; she was notified that she was eligible to work in the position; she was required to receive special training for the position; the Hispanic supervisor assigned to train her refused to do so; she complained and management took no action; she attempted to go to training again and the Hispanic supervisor again failed to train her; plaintiff received a negative reprimand as a result and was subsequently discharged; and that a younger Hispanic female employee was trained and employed for the position. (Id.)

Defendant contends that: (1) the Complaint is vague and confusing and filled with pleading deficiencies, inaccuracies, and inconsistencies; (2) plaintiff's claims for age and national origin discrimination, and retaliation are barred because plaintiff failed to exhaust her administrative remedies; and (3) the Complaint does not state a claim upon which relief can be granted.  (Doc. #14.)

### III.

The Court finds that the Complaint should be dismissed because it fails to give defendants fair notice of what the plaintiff's claims are and the grounds upon which they rest.  Each count in the Complaint consists of only one paragraph, does not list the elements of the claim, and does not specify which factual allegations are relevant to that count. Additionally, plaintiff's claim under the "Florida common law for intentional misrepresentation and intentional infliction of emotional distress," (Doc. #2, ¶ 7), fails as it is not pled as a count in the Complaint.  However, the Court cannot determine whether plaintiff's claims for age and national origin discrimination, and retaliation should be dismissed with prejudice. Plaintiff does not attach a charge of discrimination to her Complaint and while defendant states that it has attached the charge as an exhibit to its motion, no exhibit has been filed.  Therefore, the Court will dismiss the Complaint without prejudice and with leave to file an Amended Complaint.

Accordingly, it is now

**ORDERED:**

1.  Defendant's Motion to Dismiss (Doc. #14) is **GRANTED** and the Complaint (Doc. #1) is dismissed without prejudice.

2.  Plaintiff shall file an amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this <u>8th</u> day of April, 2013.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record